United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Jean Dominique and Gephta Magnant, Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-60847-Civ-Scola |
| Geovera Specialty Insurance Company, Defendant. | ) ) ) | |

## Order

This matter is before the Court on the Plaintiffs' motion to remand. (ECF No. 8.) Geovera filed a response in opposition to the motion (ECF No. 21), and the Plaintiffs did not file a reply memorandum. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the motion. (**ECF No. 8**.)

### 1. Background

In September 2017, the Plaintiffs' property allegedly incurred water damage due to Hurricane Irma. (ECF No. 1-1.) The Plaintiffs later sued Geovera in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, alleging one count of breach of contract for the Defendant's alleged failure to pay in full the applicable insurance proceeds. This case was subsequently removed to this Court on May 3, 2022, under diversity jurisdiction. (ECF No. 1.) In support of removal, Geovera pointed to a repair estimate that the Plaintiffs had previously provided, which estimated a loss of $70,123.85, as well as the Plaintiffs' claim of $7,500 in accrued attorneys' fees. (ECF No. 1.)

### 2. Legal Standards

In removal cases, "the burden of proving jurisdiction lies with the removing defendant." *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). Jurisdiction must exist "at the time of removal, not later." *See Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)). Federal jurisdiction may be established through either diversity jurisdiction or federal-question jurisdiction. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Diversity jurisdiction requires complete diversity between the parties as well as an amount in controversy over $75,000. *See* 28 U.S.C. § 1332.

When assessing the amount in controversy, courts look to "what is <u>in controversy</u> in the case, not how much the plaintiffs are ultimately likely to recover." *See Anderson*, 943 F.3d at 925 (emphasis in original). Where, as here, a plaintiff "makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (cleaned up). Courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the amount in controversy is met. *See Pretka*, 608 F.3d at 754.

### 3. Analysis

Geovera argues that removal was appropriate, as the amount in controversy was met at the time of removal.[1] In their state-court complaint, the Plaintiffs alleged that they sought damages "for a loss of value in excess of $30,000[.]" (ECF No. 1-1.) Later, the Plaintiffs provided Geovera with a repair estimate totaling $70,123.85 (ECF No. 1-4), which courts can consider when determining whether jurisdiction exists, although such estimates are not dispositive. *See, e.g., Magneto Aso, LLC v. Evanston Ins. Co.*, No. 19-80116-CIV, 2019 WL 7899221, at *2 (S.D. Fla. Mar. 26, 2019) (Marra, J.) (looking to repair estimates provided with the plaintiff's insurance claim when determining whether removal was appropriate). In all, Geovera argues that, at the time of removal, the Plaintiffs put $70,123.85 in dispute, which—combined with Plaintiffs' attorneys' fees—surmounted the amount-in-controversy hurdle.

However, the Plaintiffs now argue that the $70,123.85 estimate was incorrect, as it did not take into account a $21,075.71 insurance payment that Geovera made prior to removal. (ECF No. 8 at 2.) The Plaintiffs do not provide evidence of this prior payment; the only evidence provided of such a payment is a letter from Geovera stating that it is remitting a $7,325.71 payment. (*Id.* at 33.) Geovera does not appear to dispute that it previously paid the Plaintiffs. (ECF No. 21 at 5.) Nonetheless, Geovera argues that the amount-in-controversy requirement looks to how much the Plaintiffs put into controversy at the time of removal—even if the Plaintiffs "unfortunate[ly]" "failed to give credit for prior payment." (*Id.*)

But federal jurisdiction does not hinge on a defendant's speculation of the amount in controversy or a plaintiff's posturing. Rather, the amount-in-controversy requirement serves as "an estimate of the amount that will be put

---

[1] The Plaintiffs do not contest that the parties are diverse.

at issue in the course of the litigation." *See Anderson*, 943 F.3d at 925 (quoting *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014)).

Therefore, the only issue before the Court is whether a pre-removal insurance payment can be taken into consideration when determining whether the amount-in-controversy requirement has been met. "[T]he weight of authority considers pre-removal payments when determining the amount in controversy for jurisdictional purposes." *Walsh v. Target Corp.*, No. 6:20-cv-1185-Orl-37EJK, 2020 WL 5634125, at *4 (M.D. Fla. Aug. 27, 2020) (collecting cases). Therefore, several courts have considered pre-removal payments and offsets when measuring the amount in controversy. *See Teodorescu v. Intown Suites Mil. Trail*, No. 17-80054, 2017 WL 9280112, at 2* n.3 (S.D. Fla. Feb. 8, 2017) (Middlebrook, J.) ("Many courts consider evidence that insurance payments reduced the amount-in-controversy if the reduction occurred before removal."); *see also Armbrister v. Cumberland Farms, Inc.*, No. 2:17-CV-14062, 2017 WL 7794284, at *2 (S.D. Fla. July 24, 2017) (Rosenberg, J.); *Jackson v. St. Jude Med. Neuromodulation Div.*, 62 F. Supp. 3d 1343, 1346–47 (M.D. Fla. 2014).

Given this authority, the Court can consider any pre-removal payments that the Plaintiffs received from Geovera. As stated above, the Plaintiffs provided a letter from Geovera referring to a $7,325.71 payment, which Geovera does not appear to dispute. (ECF No. 8 at 33.) Deducting $7,325.71 from the Plaintiffs' initial estimate of $70,123.85 brings the amount in controversy down to $62,798.14. Including the $7,500 in Plaintiffs' attorneys' fees that Geovera points to, Geovera has not established by a preponderance of the evidence that the amount in controversy here exceeds $75,000.

Therefore, the Court **grants** the Plaintiffs' motion (**ECF No. 8**) and **remands** this case to the Seventeenth Judicial Circuit in and for Broward County. The Court **directs** the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to Seventeenth Judicial Circuit in and for Broward County. All pending motions, if any, are **denied as moot**.

**Done and ordered** at Miami, Florida on July 12, 2022.

_____
Robert N. Scola, Jr.
United States District Judge